FILED

'10 NOV 22  PM 12: 45

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN THOMAS LADOU,<br><br>                                    Plaintiff,<br><br>        vs.<br><br><br>CITY OF CHULA VISTA; et al.,<br><br>                                    Defendants. | CASE NO. 09-CV-1438 BEN NLS<br><br>ORDER:<br><br>(1) GRANTING DEFENDANTS'<br>MOTION TO DISMISS; AND<br><br>(2) DENYING DEFENDANTS'<br>MOTION TO STRIKE<br><br>[Docket Nos. 20 and 21] |

Currently before the Court are Defendants' Motion to Dismiss and Motion to Strike. (Docket Nos. 20, 21.) For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** and Defendants' motion to strike is **DENIED**.

### BACKGROUND

According to Plaintiff, on July 4, 2008 at approximately 11:30 p.m., Plaintiff was with his two children at the pool area of a condominium complex in Chula Vista, California. (First Am. Compl., ¶ 22.) There was at least one other adult present, in addition to several minors. *Id.*, ¶ 24. One of the residents in the complex requested that the individuals in the pool area keep the noise down. *Id.*, ¶ 25.

Soon thereafter, a sports utility vehicle arrived outside the pool gate and shined its headlights into the pool area. *Id.*, ¶¶ 26-28. According to Plaintiff, the driver of the vehicle was Defendant Officer Chancellor. *Id.*, ¶ 31. Chancellor allegedly jumped over the pool fence and entered the locked

1  pool area. *Id.* According to Plaintiff, the only crime Chancellor alleged he observed was Plaintiff

2  being drunk in public. *Id.*, ¶ 32. Plaintiff denies being in public or being legally intoxicated. *Id.*, ¶

3  33.

4         Plaintiff alleges he then tried to retrieve his daughter's flip flop from the pool, but Chancellor

5  tackled him to the ground and used a carotid restraint that temporarily rendered Plaintiff unconscious.

6  *Id.*, ¶¶ 35, 37. Plaintiff alleges that at no time did Chancellor identify himself or read Plaintiff his

7  *Miranda* rights. *Id.*, ¶¶ 36, 40, 41.

8         According to Plaintiff, Defendant Officer Walker then arrived at the scene and jumped over

9  the fence into the pool area. *Id.*, ¶ 42. Walker did not have an arrest or search warrant, nor did he

10  observe Plaintiff commit any crime. *Id.*, ¶ 43. Walker then accompanied Plaintiff to the hospital. *Id.*,

11  ¶ 45. After the hospital, Plaintiff was taken to the police station where Walker allegedly questioned

12  him before reading him his *Miranda* rights. *Id.*, ¶ 46. Plaintiff alleges Chancellor and Walker later

13  filed false police reports. *Id.*, ¶ 48.

14         Plaintiff was ultimately charged with resisting and battery. *Id.*, ¶ 49. On September 11, 2008,

15  those charges were dismissed by motion of the People. *Id.*, ¶ 50.

16         On July 2, 2009, Plaintiff initiated this action alleging civil rights violations and related state

17  law claims. (Docket No. 1.) The operative complaint is the First Amended Complaint filed on August

18  9, 2010. (Docket No. 19.) The First Amended Complaint was filed after this Court entered an order

19  granting in part and denying in part Defendants' prior motion to dismiss, on July 21, 2010. (Docket

20  No. 18.)

21         On August 23, 2010, Defendants filed their Motion to Dismiss and Motion to Strike, which

22  are currently before the Court. (Docket Nos. 20, 21.) Plaintiff filed an opposition, and Defendants

23  filed a reply. (Docket Nos. 22, 23.)

24                                          **MOTION TO DISMISS**

25         Defendants move to dismiss the first, second, third and sixth causes of action in the First

26  Amended Complaint, as alleged against Defendants Emerson and Walker. The motion is based on

27  Federal Rule of Civil Procedure 12(b)(6).

28         Under Rule 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the

09CV1438

1   complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp.*

2   *v. Twombly*, 550 U.S. 544, 556-57 (2007). Contrary to Plaintiff's assertions, Defendants do not need

3   to show that Plaintiff "can prove no set of facts in support of his claim." (Opp., p. 3.) Rather, under

4   the plausibility standard articulated by *Bell Atlantic*, Defendants may obtain dismissal if the complaint

5   fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the

6   matter complained of, or if the complaint lacks a legally cognizable theory under which relief may be

7   granted. *Bell Atl.*, 550 U.S. at 556. In *Iqbal*, the United States Supreme Court further stated that, in

8   determining whether a claim should be dismissed under the *Bell Atlantic* standard, a court may

9   disregard mere legal conclusions and look, instead, to whether factual allegations are specific enough

10  to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v.*

11  *Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

12  **I.      FIRST CAUSE OF ACTION: SECTION 1983 VIOLATION (EXCESSIVE
             FORCE)**

13

14          Defendants move to dismiss the first cause of action as alleged against Defendant Walker.

15  (P&A, p. 1.) The Court notes that Plaintiff's original complaint asserted this claim against both

16  Defendant Walker and Defendant Chancellor. When Plaintiff amended his complaint, Plaintiff deleted

17  the reference to Walker as a named defendant under the claim, but did not delete the allegation of

18  misconduct by Walker set forth therein. (See First Am. Compl., ¶ 64.) In his opposition to the motion,

19  however, Plaintiff concedes he is not alleging this claim against Walker. (Opp., p. 2.) The Court

20  construes Plaintiff's statement as stipulating to Defendants' requested relief. Accordingly, the Court

21  **GRANTS** Defendants' motion to dismiss the first cause of action as alleged against Defendant

22  Walker.

23  **II.     SECOND CAUSE OF ACTION: *MONELL* LIABILITY UNDER SECTION 1983**

24

25          Defendants move to dismiss the second cause of action as alleged against Defendant Emerson.

    Emerson is the alleged Chief of Police of the Chula Vista Police Department. (First Am. Compl., ¶

26
    10.) In the Court's July 21, 2010 order, the Court dismissed this claim against Defendant Emerson on

27
    the grounds of qualified immunity, but granted Plaintiff leave to amend to more sufficiently allege

28

1   misconduct by Emerson that violated Plaintiff's constitutional rights. (Docket No. 18, p. 13-15.)   In

2   the First Amended Complaint, however, Plaintiff alleges the same misconduct by Emerson that was

3   previously alleged in the original complaint. (First Am. Compl., ¶¶ 66-69.)   In his opposition to the

4   Motion, Plaintiff does not contest that the allegations are identical, but rather asserts that all reasonable

5   inferences supporting the claim should be construed in favor of Plaintiff. (Opp., p. 4-5.)   Although

6   this general proposition is correct, for the reasons previously articulated in the July 21, 2010 order, the

7   Court finds that the allegations are still insufficient to state a claim against Emerson. (Docket No. 18,

8   p. 13-15.)   Therefore, the Court **GRANTS** Defendants' motion to dismiss the second cause of action

9   as alleged against Defendant Emerson.

10   **III.   THIRD CAUSE OF ACTION: SECTION 1983 (UNLAWFUL SEIZURE AND IMPRISONMENT)**

12   The third cause of action alleges a violation of 42 U.S.C. § 1983 based on unlawful seizure and

13   imprisonment. (First Am. Compl., ¶¶ 70-73.)   Defendants move to dismiss this claim as alleged

14   against Defendant Walker on the grounds that Walker is entitled to qualified immunity.[1]

15   Qualified immunity operates to "shield an officer from personal liability when an officer

16   reasonably believes that his or her conduct complies with the law." *Pearson v. Callahan*, 129 S. Ct.

17   808, 823 (2009).   Qualified immunity applies if (1) the alleged misconduct does not violate clearly

18   established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did

19   not violate those rights. *Pearson*, 129 S. Ct at 815.

20   According to the Complaint, Walker is a police officer employed by the Chula Vista Police

21   Department. (First Am. Compl., ¶ 9.)   Plaintiff alleges Walker arrived on scene after Plaintiff was

22   handcuffed and in the custody of Defendant Chancellor. (*Id.*, ¶ 42, 45, 46.)   Walker accompanied

23   Plaintiff to the hospital for treatment and, later, to the police station for questioning. *Id.*   Plaintiff

24   alleges Walker failed to ascertain whether Plaintiff's children were safe and failed to administer a

25

26

27   [1] Defendants' reply in support of their motion also requests dismissal of Defendant Chancellor on the grounds of qualified immunity. (Reply, p. 1-2, 5.) However, the Motion fails to move for such dismissal and no argument is set forth in the Points and Authorities for such dismissal. (Mot., p. 1;

28   P & A, p. 4-6.)   Accordingly, the Court denies  that request.

1    sobriety test. *Id.* at ¶¶ 44, 47. Based on these allegations, Plaintiff alleges Walker violated his

2    constitutional rights to be free from unreasonable search and seizure, to be free from arrest without

3    probable cause, and not to be deprived of life or liberty without due process of law. (First Am.

4    Compl., ¶ 71.)

5           Plaintiff's allegations do not sufficiently allege a constitutional violation by Walker, nor do

6    they show that Walker's actions were objectively unreasonable. Walker may reasonably rely upon the

7    probable cause for arrest and other information furnished by Defendant Chancellor. *Olagues v.*

8    *Kousharian*, 177 Fed. Appx. 537, 538 (9th Cir. 2006); *People v. Roberts*, 184 Cal. App. 4th 1149,

9    1191 (2010). Plaintiff's other allegations such as failing to ascertain the whereabouts of Plaintiff's

10   children or administering a sobriety test also do not show a violation of a clearly established

11   constitutional right. Plaintiff does not cite in his opposition any other allegations showing a violation

12   of clearly established constitutional rights or a failure by Walker to act reasonably. Accordingly, the

13   Court finds Walker is entitled to qualified immunity and, therefore, **GRANTS** Defendants' motion to

14   dismiss the third cause of action as alleged against Defendant Walker.

15   **IV.    SIXTH CAUSE OF ACTION: CALIFORNIA CIVIL CODE § 52.1**

16

17          Defendants also move to dismiss the sixth cause of action as alleged against Defendants Walker
     and Emerson. The sixth cause of action in the First Amended Complaint is the same as the eighth cause

18   of action in Plaintiff's original complaint, i.e., it is based on alleged violations of California Civil Code

19   § 52.1. (*compare* First Am. Compl., ¶¶ 83-87 *with* Compl. [Docket No. 1], ¶¶ 96-100.)

20          *A. Defendant Walker*

21          In the Court's July 21, 2010 order, the Court dismissed the sixth cause of action as alleged

22   against Defendant Walker, but granted leave to amend. (Docket No. 18, p. 15.) When Plaintiff

23   amended his complaint, Plaintiff deleted the reference to Walker as a named defendant under the claim,

24   but did not delete the allegation of misconduct by Walker set forth therein. (See First Am. Compl., ¶¶

25   83-87.) In his opposition, however, Plaintiff concedes he is not alleging this claim against Walker.

26   (Opp., p. 2.) The Court construes Plaintiff's statement as stipulating to Defendants' requested relief.

27   Accordingly, the Court **GRANTS** Defendants' motion to dismiss the sixth cause of action as alleged

28

1    against Defendant Walker.

2              B.  *Defendant Emerson*

3              In the July 21, 2010 order, the Court also dismissed the sixth cause of action as alleged against

4    Defendant Emerson.  Specifically, the Court found that Emerson was entitled to qualified immunity, but

5    granted Plaintiff leave to amend.  (Docket No. 18, p. 14.)  However, as noted, Plaintiff's amended

6    complaint does not include any new allegations showing that Emerson violated Plaintiff's constitutional

7    rights.  *Id.*  Accordingly, for the same reasons stated in the July 2010 order, the Court finds that Emerson

8    is entitled to qualified immunity.  Therefore, the Court **GRANTS** Defendants' motion to dismiss the

9    sixth cause of action as alleged against Defendant Emerson.

10                                      **MOTION TO STRIKE**

11             Defendants also filed a motion to strike certain allegations in Plaintiff's first cause of action.  The

12   first cause of action alleges a violation of 42 U.S.C. § 1983.  (First Am. Compl., ¶¶ 63-65.)  Although

13   titled "Excessive Force," the first cause of action also includes allegations of cruel and unusual

14   punishment, unreasonable search and seizure, arrest without probable cause, and violation of due

15   process.  *Id.*  Defendants seek to strike these other allegations as immaterial and impertinent under

16   Federal Rule of Civil Procedure 12(f).

17             The Court preliminarily notes that Defendants did not waive their right to file the Rule 12(f)

18   motion merely because they filed it after their Rule 12(b)(6) motion.  Both motions were filed on the

19   same day and the order of filing is not dispositive.  Fed. R. Civ. P. 12(h)(2); *DSMC, Inc v. Convera*

20   *Corp.,* 273 F. Supp. 2d 14, 23 (D. D.C. 2002) (finding that a Rule 12(b)(6) argument may be raised in

21   a motion for judgment on the pleadings that is filed later in the case; therefore, it was harmless error that

22   the party filed a separate Rule 12(b)(3) and Rule 12(b)(6) motion).

23             As to the merits of the motion, Rule 12(f) provides, "[t]he court may strike from a pleading an

24   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P.

25   12(f).  The function of a motion to strike is to "avoid the expenditure of time and money" that arises

26   from litigating "spurious issues by dispensing with those issues prior to trial."  *Fantasy, Inc. v. Fogerty,*

27   984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds in *Fogerty v. Fantasy, Inc.* 510 U.S. 517,

28   534-535 (1994)).  However, motions to strike are generally disfavored by courts.  *Stabilisierungsfonds*

1  *Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981); *Hayes v.*

2  *Woodford*, 444 F. Supp. 2d 1127, 1132 (S.D. Cal. 2006); *see also RDF Media Ltd. v. Fox Broadcasting*

3  *Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) (Motions to strike generally disfavored because

4  pleadings are of limited importance in federal practice and such motions usually used as delaying tactic).

5          Here, Defendants contend that including allegations of different and distinct constitutional issues

6  under one cause of action confuses the true nature of the issues in the case and is prejudicial to

7  Defendants in that it forces Defendants to litigate baseless claims, among other things. Defendants cite

8  no legal authority supporting their position, and the Court could find none.

9          It is well-established that parties may plead claims in the alternative, even if cumulative. Fed.

10  R. Civ. P. 8(d). If Defendants contend these alternative claims fail to state a claim for relief, Defendants

11  must file a motion to dismiss under Rule 12(b)(6), which they have done. Such issue is not appropriate

12  for determination under Rule 12(f). Accordingly, the Court **DENIES** Defendant's motion to strike.

13                                            **CONCLUSION**

14          In light of the above, the Court **GRANTS** Defendants' motion to dismiss (1) the first cause of

15  action as alleged against Defendant Walker, (2) the second cause of action as alleged against Defendant

16  Emerson, (3) the third cause of action as alleged against Defendant Walker, and (4) the sixth cause of

17  action as alleged against Defendants Walker and Emerson. Because the Court previously granted

18  Plaintiff leave to correct the deficiencies listed herein and Plaintiff clearly could not correct such

19  deficiencies, these dismissals are with prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to

20  amend should be freely granted unless it appears that amendment would be futile or plaintiff failed to

21  cure deficiencies by amendments previously allowed); *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th

22  Cir. 1995), *cert. denied*, 516 U.S. 1051 (1996) ("Futility of amendment can, by itself, justify the denial

23  of a motion for leave to amend.")

24          For the reasons set forth above, the Court also **DENIES** Defendants' motion to strike,

25  **IT IS SO ORDERED**.

26  Date: November *12*, 2010

27                                            Hon. Roger T. Benitez
                                             United States District Court Judge

28

09CV1438